# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**BENARD CALUIRL DANIELS,**
     Plaintiff,

**v.**
                        **Case No. 2:22-cv-526-CLM**

**GRANGE INSURANCE
COMPANY,**
     Defendant.

## <u>MEMORANDUM OPINION</u>

Plaintiff Benard Caluirl Daniels sues Grange Insurance Company for underinsured motorist coverage. Grange moves for summary judgment, asserting that Daniels has signed a general release of all claims related to his motor vehicle accident that does not allow him to pursue an underinsured motorist claim. (Docs. 27, 30). In response, Daniels points out that release is an affirmative defense, and that Grange did not plead it in either its answer to the original (doc. 4) or amended complaint (doc. 20). So Grange moves for leave to amend its answer. (Doc. 35).

For the reasons stated within, the court **DENIES** Grange's motion for summary judgment and motion for leave to amend its answer (docs. 27, 35). The court finds that by waiting to assert the affirmative defense of release until after this case was ready for trial, Grange has waived the defense. *See* Fed. R. Civ. P. 8(c)(1). The court **SETS** a telephone status conference for **August 15, 2024, at 10:00 AM** to discuss scheduling this case for trial.

## BACKGROUND

### A.   Statement of Facts

In September 2020, Daniels was driving a delivery truck for Southern Wholesale Glass, Inc. in Pike County, Alabama. (Doc. 28-1). While waiting for traffic to clear so that he could turn left, Daniels was rear-ended by William Holt. (*Id.*). Holt says that he tried to apply his brakes to avoid hitting Daniels, but his car slid because the roadway was wet. (*Id.*, p. 2).

Daniels' doctor, George S. Stefanis, says the wreck caused Daniels to suffer severe neck and back pain, which has prevented him from returning to work. (Doc. 40-1, pp. 7–8, 17–18). Daniels settled his personal injury claims against Holt through Safeway Insurance Company of Alabama and its named insured Betty Holt by signing a "Release of All Claims Including Injury":

**RELEASE OF ALL CLAIMS INCLUDING INJURY**                    Claim# 1132026-AL-PPCL

KNOW ALL MEN BY THESE PRESENTS: That the undersigned, Bernard Caluiri Daniels, a single individual, and Savage And Turner, PC, his/her attorney, as well as his/her/their agents, servants, successors, heirs, executors, administrators, and all other persons, firms, corporations, associations or partnerships thereof, and cognizant of all legal rights in these regards, for the sole consideration of ▮▮▮▮▮▮ (Payable as follows: ▮▮▮▮▮▮ payable to Bernard Caluiri Daniels, a single individual, and Savage And Turner, PC, his attorney, the receipt and sufficiency whereof is hereby acknowledged, does hereby, for himself and his/her/their heirs, executors, administrators, successors, and assigns, RELEASE, ACQUIT, AND FOREVER DISCHARGE Betty Holt, and SAFEWAY INSURANCE COMPANY OF ALABAMA, INC. and their agents, servants, successors, heirs, executors, administrators, insurers, and all other persons, parent companies, subsidiaries, affiliates, officers, directors, adjusters, firms, corporations, associations or partnerships thereof, from any and all claims, actions, causes of actions, suits, demands, rights, damages, costs, expenses, and compensation whatsoever, which the undersigned now has or which hereafter may accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages, bodily and personal injuries, property damage, punitive damage, or injury or damage of any kind, and any consequence thereof, from any and all claims for medical, hospital, drug and doctor bills or other medical bills, court costs, and any and all claims whatsoever, resulting or to result from the injuries, claims, loss or damage to the person and personal property of Bernard Caluiri Daniels, a single individual, an individual and resulting or to result from the automobile accident which occurred on or about 09/14/2020 4:19 PM.

(Doc. 28-5). Daniels then sought underinsured motorist coverage from Grange, which is Southern Wholesale Glass's insurer.

## B.    Procedural History

Daniels filed this case in Alabama state court in August 2022. (Doc. 1-1). A month later, Grange removed the case to this court and answered the original complaint. (Docs. 1, 4). Grange's answer listed 27 affirmative defenses, including the defense of "set off of any pro-tanto release or other similar agreement with any other person or entity." (Doc. 4, p. 6). But Grange did not plead the affirmative defense of general release, *i.e.*, that Daniels' settlement with Holt bars Daniels from recovering any damages against Grange. (*See generally* doc. 4).

This case proceeded to discovery with an amended pleading deadline of January 16, 2023, a pretrial conference set for October 4, 2023, and a jury trial set for November 6, 2023. (Doc. 8). In March 2023, Daniels provided Grange with a copy of the release that he and Holt executed. (*See* docs. 28-4, p. 16; 32-2). Two months later, discovery closed, and Grange did not move for summary judgment by the June 14, 2023, deadline. Instead, on the day of the dispositive motion deadline, the parties informed the court that they agreed to the dismissal of Daniels' wantonness claim with prejudice. (Doc. 17). In

response, the court ordered Daniels to amend his complaint to delete the wantonness claim. (Doc. 18).

Daniels filed an amended complaint that claimed underinsured motorist coverage based on only Holt's alleged negligence. (Doc. 19). On August 25, 2023, Grange answered Daniels' amended complaint. (Doc. 20). Again, Grange pleaded the affirmative defense of "set off of any pro-tanto release," but Grange did not plead the affirmative defense of general release. (Doc. 20). A month later, this case was reassigned to me, and Grange moved for leave to move for summary judgment out of time. (Docs. 21 & 22). In its motion, Grange said that it had a "good-faith belief that . . . the release . . . creates a clear basis for summary judgment." (Doc. 22, p. 2).

The court set a telephone conference to discuss Grange's motion and suspended the pretrial conference and trial deadlines because the pretrial conference was the next week. (Doc. 23). During the telephone conference, Daniels' attorneys stated that they didn't oppose the court allowing Grange to file an out of time summary judgment motion. (Doc. 25). So the court granted Grange's motion, and Grange moved for summary judgment, asserting that Daniels' release of his claims against Holt barred him from seeking underinsured motorist benefits from Grange. (Docs. 26 & 27). Daniels' response argues that Grange waived the affirmative defense of release by not pleading it in either the original or amended answer. (Doc. 33). In reply, Grange (a) says that it adequately pleaded the defense of release, and (b) asks that if the court agrees with Daniels, the court allow Grange to amend its answer to include a release defense. (Docs. 34 & 35).

## JURISDICTION

The parties assert that the court has diversity jurisdiction over this case under 28 U.S.C. § 1332. Daniels is a citizen of Georgia, and Grange is a citizen of Ohio, (doc. 1, pp. 3–4), so the parties are completely diverse. Though Daniels' original complaint does not quantify his damages, the court also finds that the amount in controversy exceeds $75,000. Daniels' medical expenses suggest that he's incurred over $101,844.34 in medical bills. (Doc. 39-2). And Dr. Stefanis testified that injuries from the wreck were so extensive that they prevented Daniels from working for at least two years.

(Doc. 40-1, pp. 17–18). Plus, Daniels is seeking $300,000 from Grange, the policy limit for Daniels' claim for underinsured motorist benefits. (Doc. 40, p. 3). Because Daniels' claim is worth more than $75,000, the court has jurisdiction under 28 U.S.C. § 1332.

DISCUSSION

Grange asserts that Daniels' release of his claims against Holt bar the claims against Grange for underinsured motorist benefits. Release is an affirmative defense that a party must plead in its answer. *See* Fed. R. Civ. P. 8(c); *Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 920 (11th Cir. 2013).

The court finds that Grange pleading the affirmative defense of "set off of any pro-tanto release or other similar agreement with any other person or entity" did not also plead the defense of release. A set-off is not a release; the former subtracts an amount from recovery, the latter bars recovery. For example, let's assume that Holt's insurer paid Daniels $100,000. If a jury awarded Daniels the $300,000 he's asking for and Grange successfully asserted the defense of setoff, the court would reduce the jury's verdict to $200,000. But if instead Grange successfully asserted the defense of release, this case wouldn't get to a jury and Grange would be liable for $0.00. So the court finds that Grange pleading that it would ask for a setoff did not put Daniels or the court on notice that it would assert that Daniels' agreement with Holt released Grange from any liability.

"Failure to plead an affirmative defense generally results in a waiver of that defense." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010). An exception to this general rule is that the court has discretion to consider an unpled affirmative defense if the assertion of the affirmative defense did not unfairly surprise or prejudice the plaintiff. *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263–264 (11th Cir. 1988). The court may also grant Grange's motion to amend its answer to add the affirmative defense of release if Grange's request complies with the requirements of *Federal Rules of Civil Procedure* 16(b) and 15(a). *See Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007).

1.    <u>Good cause under Rule 16</u>: Because allowing Grange to amend its answer would moot Daniels' argument that the court should not grant summary judgment based on an unpled affirmative defense, the court will first address Grange's motion to amend its answer (doc. 35). When a request to amend occurs after the scheduling order's deadline to amend pleadings has passed, the movant "must first demonstrate good cause under Rule 16(b) before [this court] will consider whether amendment is proper under Rule 15(a)." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Grange did not possess Daniels' release agreement with Holt before the January 16, 2023, amended pleading deadline. But Grange did possess the release before (a) the discovery deadline, (b) the dispositive motion deadline, and (c) Grange answered Daniels' amended complaint. Grange, however, did not alert Daniels and the court of its potential release defense until a week before the scheduled pretrial conference. This was around six months after Daniels provided Grange with his release agreement with Holt and two months after the dispositive motion deadline. And Grange did not formally move to amend its answer until it replied to Daniels' response to Grange's summary judgment motion, around eight months after Daniels provided Grange with the release. Based on this record, the court finds that Grange hasn't shown good cause for the court to allow it to amend its answer after this case is trial ready to include an affirmative defense that Grange should have known about for eight months before it moved to amend. *See Millenium Partners*, 494 F.3d at 1298–99 (affirming denial of leave to amend when the defendant should have discovered its anti-subrogation defense months before moving for leave to amend its affirmative defenses).

2.    <u>Rule 15(a)(2)</u>: Because Grange hasn't satisfied Rule 16(b)'s good cause requirement, the court needn't address Grange's argument that the court should grant leave to amend under Rule 15(a)(2). *See id.* at 1299. But even if Rule 15(a) governed Grange's motion, the court would deny the motion. Under Rule 15(a), this court will grant leave to amend unless the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quotations omitted).

Grange's failure to timely amend its affirmative defenses shows undue delay and dilatory motive. Plus, Grange failed to cure the deficiency with its affirmative defenses by not adding the defense of release as an affirmative defense when it answered Daniels' amended complaint. And as explained below, allowing Grange to add the affirmative defense of release at this late date would prejudice Daniels. So the court will deny Grange's motion for leave to amend its answer (doc. 35).

3.     Prejudice + unfair surprise: That said, the court can consider even unpled affirmative defenses if the late assertion of the defense doesn't cause the opposing party prejudice or unfair surprise. *See Hassan*, 842 F.2d at 263–264. "The reason we require parties to raise their defenses in answering a complaint or counterclaim is that it helps trial preparation as discovery is targeted toward the claims and defenses that are presented." *Wadley Crushed Stone Co., LLC v. Positive Step, Inc.*, 34 F.4th 1251, 1260 (11th Cir. 2022). And here, though Grange received Daniels' release agreement with Holt around two months before the discovery cutoff deadline, Grange did not alert Daniels that it would assert a release defense during the discovery period. So Daniels continued to incur expenses related to discovery without realizing that release could be a relevant defense. For example, Daniels' attorneys attended the out-of-town deposition of Dr. Stefanis. Daniels also began preparing for trial unaware that Grange would assert a release defense because Grange did not alert Daniels or the court of its potential release defense until a week before the scheduled pretrial conference.

The court recognizes that it granted Grange's motion to file a late summary judgment motion based on Daniels' settlement with Holt. The court also recognizes that in several cases the Eleventh Circuit has found no abuse of discretion in allowing a defendant to raise an affirmative defense for the first time at summary judgment. *See, e.g.*, *Grant v. Preferred Rsch., Inc.*, 885 F.2d 795, 797–98 (11th Cir. 1989). But these cases "merely establish[ ] that excusing a pleading omission in the absence of prejudice is not reversible error." *First Nat'l Bank of Oneida, N.A. v. Brandt*, 851 F. App'x 904, 907 (11th Cir. 2021). And the court granted Grange's motion to file a late summary judgment motion after having been told that (a) Grange didn't obtain a copy of the release until 63 days after the dispositive motion

deadline, and (b) that Daniels didn't object to the court allowing Grange to move for summary judgment.

The summary judgment record shows that neither of these things was true. Daniels first produced his release with Holt in March 2023, not August 2023 as Grange asserted in its motion. (Doc. 28-4, pp. 16, 18; Doc. 32-1; Doc. 32-2). So rather than receiving the release two months *after* the dispositive motion deadline, Grange received it around three months *before* the dispositive motion deadline. Plus, Daniels does object to the court ruling on the merits of a release defense that Grange didn't plead. Though Grange's motion for leave to file said that it believed Daniels' "release for the personal injury claims creates a clear basis for summary judgment," it wasn't clear from Grange's motion that Grange would argue that the agreement with Holt barred Daniels from seeking any underinsured motorist benefits from Grange. (Doc. 22). So the court doesn't fault Daniels for his change of heart. And if the court had known that (a) Grange possessed the release for around three months before the dispositive motion deadline, and (b) that Daniels would oppose the court considering the late summary judgment motion, the court likely would have denied Grange's motion to move for summary judgment three months after the dispositive motion deadline had passed.

As a result, the court does not excuse Grange's failure to plead the affirmative defense of release as required by the rules. Grange's failure to assert the defense of release until this case was ready for trial has delayed the court's resolution of this case. And if the court were to consider Grange's release defense, it would mean that Daniels potentially incurred unnecessary discovery and pretrial preparation expenses that might not have been incurred if Daniels had notice of the release defense. So the court will deny Grange's motion for summary judgment (doc. 27) without reaching Grange's argument that Daniels' releasing Holt from further liability means that Daniels cannot seek underinsured motorist benefits from Grange.

## CONCLUSION

For these reasons, the court **DENIES** Grange's motion for summary judgment and motion for leave to amend its answer (docs. 27, 35). The court **SETS** a telephone status conference for **August 15, 2024, at 10:00 AM** to discuss scheduling this case for trial.

**Done** on August 6, 2024.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE